# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. CENSKE,<br><br>  Petitioner,<br><br> v.<br><br>ANDRE MATEVOUSIAN,<br><br>  Respondent. | Case No. 1:16-cv-01424-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 21) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. Petitioner was convicted after a jury trial in the United States District Court for the Western District of Michigan of four counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). Petitioner was sentenced to an imprisonment term of 120 months. (ECF No. 1 at 2).[1] On appeal, the United States Court of Appeal for the Sixth Circuit affirmed the convictions, but vacated the sentence and remanded for resentencing. United States v. Censke, 449 F. App'x 456, 458 (6th Cir. 2011). Following remand, the district court again sentenced

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner to an imprisonment term of 120 months, which the Sixth Circuit affirmed. United States v. Censke, 534 F. App'x 382, 386 (6th Cir.), cert. denied, 134 S. Ct. 807 (2013).

Subsequently, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the United States District Court for the Western District of Michigan denied in 2014. In August 2015, Petitioner filed a motion to reconsider or amend the § 2255 motion, challenging the mental state required for his convictions under 18 U.S.C. § 876(c). Petitioner relied on Elonis v. United States, 135 S. Ct. 2001, 2012 (2015), which clarified the mental state requirement for convictions under a different threat statute, 18 U.S.C. § 875(c). The district court construed the motion to be an unauthorized second or successive § 2255 motion and transferred it to the Sixth Circuit, which denied authorization on July 1, 2016. See Censke v. Fox, 659 F. App'x 485, 486 (10th Cir. 2016) (setting forth the procedural history of Petitioner's various collateral attacks). Meanwhile, in November 2015, Petitioner filed a § 2241 habeas petition in the United States District Court of the Western District of Oklahoma, challenging his conviction based on Elonis. The district court dismissed the petition for lack of jurisdiction under § 2241, and the Tenth Circuit affirmed the dismissal on August 19, 2016. Censke, 659 F. App'x at 486–87.

On September 26, 2016, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On January 12, 2017, Respondent filed a motion to dismiss. (ECF No. 21). Petitioner has filed an opposition. (ECF No. 24).

**II.**

**DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner may challenge the execution of his sentence by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The

general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

The instant petition challenges the validity of Petitioner's conviction. Therefore, the appropriate procedure would be to file a § 2255 motion in the court that imposed the sentence rather than a § 2241 habeas petition in this Court. However, § 2255(e)'s "escape hatch" or "savings clause" permits a federal prisoner to file a habeas corpus petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner may proceed under § 2241 pursuant to the escape hatch or savings clause when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000)). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

**A. Unobstructed Procedural Shot**

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in

the law *creating a previously unavailable* legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

Here, Petitioner contends that he never had an unobstructed procedural shot at presenting his Elonis claim. Elonis was decided after Petitioner exhausted his direct appeal and first § 2255 motion. Elonis concerned 18 U.S.C. § 875(c), which provides: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." The statute does not specify that a defendant must have any mental state with respect to these elements, but the Supreme Court held that there is an implicit mental state requirement, which "is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." Elonis, 135 S. Ct. at 2012.

In the instant case, Petitioner was convicted under a different statute, 18 U.S.C. § 876(c), which provides in pertinent part:

> Whoever knowingly so deposits or causes to be delivered . . . any communication . . . addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

Although § 876(c) contains an express mental state requirement with respect to the delivery element, it does not contain a mental state requirement with respect to the communication containing any threat to kidnap or to injure the person. In Elonis, the Supreme Court held that the mental state requirement applied to each of the statutory elements under § 875(c)—that the communication was transmitted and that the communication contained a threat. 135 S. Ct. at 2011. Therefore, applying Elonis to § 876(c), there is a mental state requirement with respect to the communication containing any threat to kidnap or to injure the person. See United States v. Twitty, 641 F. App'x 801, 802 n.1 (10th Cir. 2016) (finding, after the Supreme Court summarily vacated and remanded in light of Elonis, that "a *mens rea* element concerning the defendant's subjective intent to threaten, similar to that discussed in Elonis, must also be alleged and proved to sustain a conviction under § 876(c)").

4

In United States v. Williams, the Sixth Circuit[2] stated, "This Court has not decided whether the United States must establish that a defendant had the subjective intent to threaten in order to establish a violation of section 876(c) and we do not decide that issue at this time." 641 F.3d 758, 769 (6th Cir. 2011). Williams noted, however, that the Supreme Court "recognized that in some circumstances the prosecution may need to establish that the defendant subjectively intended to make a threat." Id. (citing Virginia v. Black, 538 U.S. 343, 364–65 (2003)). Williams was decided while Petitioner's first direct appeal was pending and before Petitioner filed his first § 2255 motion. Based on Williams, the Court "cannot stay that [Petitioner]'s claim 'did not become available until after' the Supreme Court's decision" in Elonis because at the time Petitioner filed his first § 2255 motion, the Sixth Circuit was undecided and thus "invited the very argument that [Petitioner] attempts to raise" now. Harrison, 519 F.3d at 961 (quoting Stephens, 464 F.3d at 898). Therefore, the Court finds that Petitioner has not established that he "never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1060.

### B. Actual Innocence

A claim of actual innocence for purposes of the § 2255 escape hatch or savings clause is tested by the standard set forth in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." Id.

Here, Petitioner argues that he is actually innocent because Elonis requires Petitioner to have had the subjective intent to threaten in order for conviction under § 876(c). Petitioner alleges that at trial he testified he was exercising free speech and joking with no intent to threaten. (ECF No. 24 at 3). Elonis held that the implicit mental state requirement in § 875(c) "is satisfied if the defendant transmits a communication . . . *with knowledge that the communication will be viewed as a threat*." Elonis, 135 S. Ct. at 2012 (emphasis added). Even if Petitioner had

---

[2] Petitioner was convicted in the Western District of Michigan, over which the Sixth Circuit has appellate jurisdiction. Therefore, the Court looks to Sixth Circuit caselaw to determine whether Petitioner's claim was available. See Alaimalo, 645 F.3d at 1048–49.

no intent to threaten, the Elonis mental state requirement is satisfied if Petitioner knew that the communication would be viewed as a threat. Petitioner has not demonstrated that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.

Based on the foregoing, the Court finds that Petitioner has failed to establish that he is actually innocent and has never had an unobstructed procedural shot at presenting his Elonis claim for purposes of qualifying to bring a § 2241 habeas petition under the escape hatch or savings clause of § 2255(e). Therefore, this Court lacks jurisdiction over the petition.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 21) be GRANTED and the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 30, 2017**

UNITED STATES MAGISTRATE JUDGE